# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**
August 13, 2014
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**LINDA COPLEY,**
**Claimant Below, Petitioner**

**vs.)    No. 13-0543** (BOR Appeal No. 2047844)
              (Claim No. 2011035096)

**WOODLANDS RETIREMENT COMMUNITY,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Linda Copley, by Cathy L. Greiner, her attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Woodlands Retirement Community, by Steven K. Wellman, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated April 24, 2013, in which the Board affirmed an October 29, 2012, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's April 2, 2012, decision denying the request to add left shoulder pain as a compensable condition of the claim. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Ms. Copley worked for Woodlands Retirement Community as a nurse. On April 24, 2011, she injured her back while helping a patient into bed. Ms. Copley immediately sought treatment at St. Mary's Medical Center complaining of pain in her back. An x-ray was taken of her lumbar spine which revealed no acute abnormalities, and a physical examination revealed that she had full range of motion in her back. Ms. Copley filed an application for workers' compensation benefits and listed her back as the only part of her body that was injured. The claims administrator held her claim compensable for a lumbar sprain. Ms. Copley then came

1

under the care of Daniel Whitmore, D.O., for complaints of left shoulder pain. Dr. Whitmore indicated that Ms. Copley injured her shoulder because she starting lifting patients differently following her lower back injury. Dr. Whitmore found that she did not have any traumatic shoulder injury. Dr. Whitmore recommended that she treat her shoulder pain with ice and stretching. An MRI was then taken of her shoulder which revealed a full thickness tear of the supraspinatus tendon, and Stanley S. Tao, M.D., performed a left shoulder arthroscopic rotator cuff repair. Dr. Tao then requested that left shoulder pain be added as a compensable condition of the claim. On April 2, 2012, the claims administrator denied Dr. Tao's request. Following this denial, Ms. Copley testified at a hearing before the Office of Judges. She stated that her left arm hurt immediately after the April 24, 2011, incident that caused her back injury. She testified that she did not complain of her arm pain because her back was hurting so badly. Jerry Scott, M.D., then performed an independent medical evaluation of Ms. Copley. He found that her current shoulder complaints were related to a large acromial spur and a naturally occurring degenerative condition. Dr. Scott believed that both conditions predated the compensable injury based on the progression of Ms. Copley's shoulder problems at the time of her arthroscopic surgery. On October 29, 2012, the Office of Judges affirmed the claims administrator's decision. The Board of Review affirmed the Order of the Office of Judges on April 24, 2013, leading Ms. Copley to appeal.

The Office of Judges concluded that the claims administrator was correct to deny the request to add left shoulder pain as a compensable condition of the claim. The Office of Judges determined that Ms. Copley suffered from degenerative processes. It found that her current shoulder problems were not caused by the April 24, 2011, incident but instead related to a large acromial spur and other naturally occurring degenerative conditions. The Board of Review adopted the findings of the Office of Judges and affirmed its decision.

We agree with the conclusions of the Board of Review and the findings of the Office of Judges. Ms. Copley has not demonstrated that her left shoulder problems are causally related to the compensable back injury she suffered on April 24, 2011. Dr. Scott's evaluation demonstrates that Ms. Copley's current shoulder problems are related to an acromial spur and a naturally occurring degenerative condition which predates the compensable injury. The initial treatment records in this case do not contain any indication that Ms. Copley also injured her shoulder on April 24, 2011. A low back sprain was the only diagnosis contained in the emergency room records and her application for workers' compensation benefits. Ms. Copley's account of her shoulder problems is not sufficiently consistent to overcome the lack of medical evidence connecting her tendon tear to the compensable injury of April 24, 2011.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:** August 13, 2014

**CONCURRED IN BY:**
Chief Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II

**DISSENTING:**
Justice Menis E. Ketchum